# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| BRIAN JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:10-cv-109-WTL-MJD |
| | ) | |
| JAMES BASINGER, | ) | |
| | ) | |
| Respondent. | ) | |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Brian Johnson for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

## The Petition for Writ of Habeas Corpus

### I. Applicable Law

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, became effective on April 24, 1996, and governs the habeas petition in this case because Johnson filed his petition after the AEDPA's effective date. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997). Under the AEDPA, a federal court may not grant habeas relief unless the state court's adjudication of a claim resulted in a decision that (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Based on the above standard, federal habeas relief is barred for any claim adjudicated on the merits in state court "unless one of the exceptions listed in 28 U.S.C. § 2254(d) obtains." *Premo v. Moore,* 131 S. Ct. 733, 739 (2011). Under the "contrary to" clause, a federal court may issue a writ of habeas corpus if the state court applied a rule that "contradicts the governing law" set forth by the Supreme Court or if the state court reached a different outcome based on facts "materially indistinguishable" from those previously before the Supreme Court. *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000); *see also Calloway v. Montgomery,* 512 F.3d 940, 943 (7th Cir. 2008). Under the "unreasonable application" clause, a petitioner must show that the state court's decision unreasonably extended a rule to a context where it should not have applied or unreasonably refused to extend a rule to a context where it should have applied. *Virsnieks v. Smith,* 521 F.3d 707, 713 (7th Cir. 2008) (citing *Jackson v. Miller,* 260 F.3d 769, 774 (7th Cir. 2001)); *see also Wright v. Van Patten,* 128 S. Ct. 743, 746–47 (2008) (emphasizing that a state court's application of clearly established law is acceptable, even if it is likely incorrect, so long as it is reasonable).

A petitioner's challenge to a state court decision based on a factual determination under § 2254(d)(2) will not succeed unless the state court committed an "unreasonable error," and § 2254(e)(1) provides the mechanism for proving unreasonableness. *See Ward v. Sternes,* 334 F.3d 696, 703–04 (7th Cir. 2003). "A state court decision that rests upon a determination of fact that lies against the clear weight of the evidence is, by definition, a decision 'so inadequately supported by the record' as to be arbitrary and therefore objectively unreasonable." *Id.,* at 704 (quoting *Hall v. Washington,* 106 F.3d 742, 749 (7th Cir. 1997)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "If this standard is difficult to meet, that is because it was meant to be." *Id.* "[T]he burden is on the petitioner to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits. . . ." *Bell v. Cone,* 543 U.S. 447, 451 n.3 (2005).

In addition to the foregoing substantive standards, "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992), *cert. denied,* 508 U.S. 962 (1993). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to

the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted); *see also Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002), *cert. denied,* 537 U.S. 1214 (2003).

## II. Background

Johnson was convicted of murder and attempted murder in an Indiana state court and was sentenced to a term of 95 years. Johnson's convictions and sentence were affirmed on direct appeal in *Johnson v. State*, 49A04-0404-CR-198 (Ind.Ct.App. March 31, 2005)("*Johnson I*"). The Indiana Supreme Court denied Johnson's petition for transfer on May 20, 2005. The trial court's denial of Johnson's petition for post-conviction relief was affirmed on appeal in *Johnson v. State*, 49A02-0903-PC-267 (Ind.Ct.App. Dec. 18, 2009). The Indiana Supreme Court denied Johnson's petition for transfer on March 11, 2010.

## III. Discussion

Johnson raises four claims in his petition for a writ of habeas corpus: 1) ineffective assistance of counsel; 2) the trial court's refusal to give a involuntary manslaughter instruction to the jury; 3) prosecutorial misconduct; and 4) the transferred intent jury instruction was improper.

*Transferred intent jury instruction and refusal to give involuntary manslaughter jury instruction.* Johnson claims that the transferred intent jury instruction subjected Johnson to double jeopardy and that the trial court's refusal to give an involuntary manslaughter instruction to the jury was improper. Johnson did not present a double jeopardy claim under federal law to the Indiana appellate courts and therefore he procedurally defaulted as to the transferred intent instruction claim insofar as it is a double jeopardy claim. Similarly, Johnson did not present a federal claim regarding the refusal to give an involuntary manslaughter instruction in state court. Those challenges, as set forth in Johnson's direct appeal, were based on Indiana law. That outcome is of no consequence here because such a challenge–a challenge based on state law–is not within the scope of § 2254(a). *See Del Vecchio v. Illinois Dep't. of Corr.,* 31 F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law); *Bloyer v. Peters,* 5 F.3d 1093, 1098 (7th Cir. 1993) (citing *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)).

Additionally, when it is considered that such error will not support a petition for federal habeas relief unless it is shown "not merely that the instruction is undesirable, erroneous, or even 'universally condemned,'" but that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," *Cupp v. Naughten,* 414 U.S. 141, 146-47 (1973), that "[i]n evaluating the instructions, we do not engage in a technical parsing of this language of the instructions, but instead approach the instructions in the same way that the jury would--with a commonsense understanding of the instructions in light of all that has taken place at the trial," *Johnson v. Texas,* 509 U.S. 350, 368 (1993) (quoting *Boyde v. California,* 494 U.S. 370, 380 (1990)). In assessing the transferred intent instruction the Indiana Court of Appeals concluded that the instruction was "supported by the evidence and is a correct statement of the law," *Johnson I,* at p.6, Johnson has failed to demonstrate that the Court of Appeals' determination was contrary to or an unreasonable application of federal law. 28 U.S.C. § 2254(d); *Williams*, 120 S. Ct. at 1519-22.

*Prosecutorial Misconduct.* Johnson claims that the prosecutor committed misconduct amounting to fundamental error by referring to the appeals process while objecting to defense counsel's closing argument. The Indiana Court of Appeals determined that Johnson procedurally defaulted his claim of prosecutorial misconduct because "[he] failed to request an admonishment or move for a mistrial when the trial court overruled the State's objections. Accordingly, his claim of prosecutorial misconduct is procedurally foreclosed . . . ." *Johnson I*, at p.9. "A state is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time--as state rules define those courts, ways, and times. Failure to comply with the state's procedural rules furnishes an independent and adequate state ground of decision that blocks federal collateral review." *Szabo v. Walls,* 313 F.3d 392, 395 (7th Cir. 2003) (citing cases). Johnson does not overcome the procedural hurdle noted by the Indiana Court of Appeals and he is therefore not entitled to a review of the merits of his claim regarding prosecutorial misconduct.

*Ineffective Assistance of Counsel.* Johnson claims that his trial counsel was ineffective by failing to present a diminished capacity defense and by failing to investigate the criminal record of a witness. In recognition of federal-state comity, a petitioner seeking federal habeas relief must establish that he "fully and fairly [presented] his federal claims to the state courts . . . . " *Chambers v. McCaughtry,* 264 F.3d 732, 737 (7th Cir. 2001). Fair presentment "requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Id.; see also Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002).

The Seventh Circuit has identified four factors to determine whether a claim has been fairly presented to state courts in federal constitutional terms. The factors are: "(1) whether the petitioner relied on federal cases that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation." *Sweeney v. Carter,* 361 F.3d 327, 332 (7th Cir. 2004). The "bottom line," however, is "whether the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis." *Ellsworth v. Levenhagen,* 248 F.3d 634, 639 (7th Cir. 2001)(omitting internal quotations and citations); *see also Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001) (to satisfy the fair presentment requirement, the petitioner must present both the operative facts and the legal principles that control each claim to the state judiciary; otherwise, he has forfeited federal review of his claim).

In Johnson's petition for transfer, he states, "the issue before this Court is whether the denial of petitioner's exhibit numbe[r] two being entered into evidence for the purpose of establishing witness credibility and perjury, ineffective assistance of trial and appellate counsel." Johnson also states: "he asks this Court to consider all the other issues presented in his brief and reply brief for transfer." Thus, the factual basis of his ineffective assistance of counsel habeas claim and the pertinent federal constitutional challenge argued here were not placed squarely before the Indiana Supreme Court in Johnson's petition for transfer. See *Custis v. Superintendent, Indiana State Prison,* 2009 WL 2589841, *4 (N.D.Ind. 2009) (footnote omitted) (petitioner procedurally defaulted federal habeas claim where petition to transfer did not provide the Indiana Supreme Court notice of the federal habeas claim because he did not identify any federal law arguments and in doing so, "failed to submit both the operative facts and the controlling legal principles of the federal claim through one full round of state appellate review").

### IV. Conclusion

Johnson's conviction withstood challenge in the Indiana courts, and thus a presumption of constitutional regularity attaches to it. *See Farmer v. Litscher,* 303 F.3d 840, 845 (7th Cir. 2002) (citing *Parke v. Raley,* 506 U.S. 20, 29-30 (1992)); *Milone v. Camp,* 22 F.3d 693, 698-99 (7th Cir. 1994) ("Federal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law"). This court has carefully reviewed the state record in light of Johnson's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established

rules entitle Johnson to relief in this case. Johnson's petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the court finds that Johnson has failed to show that reasonable jurists would find Ait debatable whether the petition states a valid claim of the denial of a constitutional right@ and Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 03/16/2012

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana